# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION

### CIVIL CASE NO. 1:08cv416
### [Criminal Case No. 1:06cr226]

| | | |
|---|---|---|
| **JULIUS ANTHONY JONES,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | <u>**MEMORANDUM OF**</u> |
| | ) | <u>**DECISION AND ORDER**</u> |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, as amended [Docs. 1 and 11]; Respondent's Motions for Summary Judgment [Docs. 9 and 16]; and Petitioner's Responses to Respondent's Motions for Summary Judgment [Docs. 12 and 17].

## PROCEDURAL HISTORY

On August 7, 2006, Petitioner was charged in a bill of indictment with one count of conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) (Count One); six counts of possession with intent to distribute a quantity of cocaine base, in violation of 21 U.S.C. §§ 841(a) and (b)(1)(C) (Counts Two through Seven); and one

count of possession with intent to distribute cocaine base and aiding and abetting that offense, in violation of 21 U.S.C. §§ 841(a) and (b)(1)(C), and 18 U.S.C. § 2 (Count Eight).  [Criminal Case No.1:06cr226-1, Doc. 1].

On February 12, 2007, the parties filed a plea agreement under which Petitioner agreed to plead guilty to the conspiracy charge set out in Count One.  [Doc. 31].  Under the terms of the agreement, the parties stipulated that Petitioner was responsible for at least 35 but less than 50 grams of cocaine base and that the Court could use the uncontradicted portion of the offense conduct set out in Petitioner's Presentence Report (PSR) to establish the factual basis for his guilty plea.  [Id. at ¶¶7a and 15].  In addition, the agreement set forth Petitioner's waiver of his right to file a direct appeal or to collaterally challenge his conviction and/or sentence on any grounds except ineffective assistance of counsel or prosecutorial misconduct.  [Id. at ¶20].

On February 26, 2007, the Court conducted Petitioner's Rule 11 hearing, at which time he was placed under oath and participated in a lengthy colloquy with the Magistrate Judge to ensure that Petitioner's guilty plea was knowing and voluntary.  [Id., Doc. 32].  During that colloquy, Petitioner advised the Court that he had discussed the charge and corresponding penalties with counsel, that he understood those matters, that he had taken ample time to

discuss possible defenses with counsel, that his attorney had discussed how the United States Sentencing Guidelines applied in his case, that he understood the rights that he was relinquishing by virtue of his guilty plea, that he understood and agreed to the terms of the agreement, that he was satisfied with the services of his attorney, and that he was tendering his guilty plea because he was guilty of the subject offense. [Id. at 1-8]. The Court accepted his guilty plea. [Id. at 9].

On June 25, 2007, a revised PSR was prepared for the Court. Based upon the quantity of cocaine base to which Petitioner stipulated in his plea agreement, the Probation Officer calculated his total base offense level to be 27, which included a two-point enhancement under U.S.S.G. § 2D1.1(b)(1) for Petitioner's possession of a firearm in connection with the conspiracy offense. [PSR at ¶¶30 and 38]. Based on Petitioner's criminal record, the Probation Officer calculated his criminal history category to be III, leading to a corresponding advisory range 87 to 108 months' imprisonment. [Id. at ¶¶59 and 90]. Petitioner objected to the firearm enhancement under U.S.S.G. § 2D1.1(b)(1), contending that his possession of the firearm predated his involvement in the conspiracy, and that he did not possess a gun in connection with his offense. [Addendum to PSR at 20].

On September 24, 2007, the Court conducted Petitioner's sentencing hearing. At the outset of the hearing, the Court determined that there was a factual basis to support Petitioner's guilty plea and it accepted the evidence in the PSR as establishing the factual basis for that plea. [Amended Transcript of Sentencing, Doc. 66 at 2]. Thereafter, the Court considered the parties' arguments concerning the objections to the PSR and overruled Petitioner's objection to the firearm enhancement. [Id. at 7]. The Court rejected, among other matters, defense counsel's contentions that: (1) Petitioner possessed the firearm prior to the date the conspiracy began; (2) the indictment did not charge him with possession of a firearm in connection with the conspiracy offense; (3) he did not know the individuals who made statements that he possessed a gun during the course of the conspiracy; and (4) other than the firearm charge from September 2003, there was no evidence that he possessed a firearm in connection with the conspiracy. [Id. at 3-5]. Rather, the Court accepted the Government's argument that because the indictment charged that the conspiracy began in September 2003, the evidence that Petitioner pled guilty in a South Carolina court to having unlawfully carried a pistol on September 22, 2003 sufficiently corroborated the

two witnesses' statements regarding his possession during the conspiracy and thus supported the two-point enhancement. [Id. at 5-7].

Petitioner addressed the Court and expressly took responsibility for "everything [he] did," repeatedly apologized for his conduct, and apologized for the inconvenience that he caused the Court, the Government, the probation officer and the prosecutor. [Id. at 9]. Petitioner also thanked his attorney "for everything she did for [him] in [his] case." [Id. at 9-10].

The Court ultimately sentenced Petitioner to 96 months' imprisonment. [Id. at 10-11]. Petitioner did not appeal the Court's Judgment.[1] Instead, on September 2, 2008, he filed the instant Motion to Vacate. Petitioner argues three grounds. He first claims that he was subjected to ineffective assistance of counsel by virtue of his attorney's alleged failures to argue for a concurrent sentence, to object to issues such as the firearm enhancement in his PSR, to preserve issues and file a notice of appeal based on those matters, and to undertake a proper investigation of his case. [Doc. 1 at 4]. Second, he claims that his sentence is incorrect because the Bureau of Prisons has refused to

---

[1] While Petitioner did not appeal the Court's Judgment, on November 18, 2008, he did file a Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2). [Criminal Case 1:06cr226-1, Doc. 57]. After appointing counsel for him, the Court entered an Order on December 15, 2008, granting Petitioner's Motion and reducing his sentence from 96 to 77 months' imprisonment. [Doc. 63].

award him credit for 341 days that he spent in custody. [Id. at 2 and Doc. 1-1 at 3]. Last, Petitioner claims that the two-level firearm enhancement was illegal because it was never proven that he used, carried or possessed a firearm in connection with the conspiracy offense. [Doc. 1 at 7].

On September 8, 2010, the Court granted Petitioner's motion for leave to amend his § 2255 Motion to allege that counsel was ineffective for failing to object properly to the firearm enhancement on the ground that the Government's evidence showed that he did not possess the firearm in connection with the conspiracy offense, and for failing to argue under United States v. Alvarado, 440 F.3d 191 (4th Cir. 2006), that the Court violated Booker[2] when it imposed the two-point firearm enhancement. [Doc. 11-1 at 2-3].

On March 18, 2009 and October 8, 2010, Respondent filed its original and Supplemental Answers to Petitioner's allegations. [Docs. 8 and 15]. The Answers deny the material portions of Petitioner's claims and contend, in part, that the Court lacks authority to adjudicate his claim for jail credits; that his substantive claim of sentencing error is procedurally defaulted and/or waived under his plea agreement; and that his allegations challenging counsel's

---

[2]United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

effectiveness are either foreclosed by the record or legally baseless. [Docs. 8 at 10-21 and 15 at 2-5]. Respondent's Answers are accompanied by Affidavits from Petitioner's former attorney. [Docs. 8-2 and 15-1]. Respondent also filed Motions for Summary Judgment contending that there is no genuine issue of material fact to be resolved, and that Respondent is entitled to judgment as a matter of law. [Docs. 9 and 16].

On March 25, 2009, the Court entered an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of his obligation to file a response to the Motion for Summary Judgment, and explaining the requirement that he present his own evidence by affidavit or unsworn declarations. [Doc. 10]. Despite this admonition, Petitioner has filed Responses to Respondent's Motions for Summary Judgment wherein he merely argues that Respondent is not entitled to judgment on his claims and that the evidence clearly establishes that the two-point firearm enhancement is improper because he possessed the firearm only prior to his entry into the conspiracy. [Docs. 12 at 1-2 and 17 at 2-4]. Petitioner did not file his own affidavits or unsworn declarations in opposition to Respondent's evidentiary forecast.

# STANDARD OF REVIEW

At the time Respondent's Motions for Summary Judgment were filed,

Rule 56 of the Federal Rules of Civil Procedure provided, in pertinent part:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e)(2) (2008).[3]

> Under the Federal Rules of Civil Procedure, summary judgment shall be awarded "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, . . . show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). As the Supreme Court has observed, "this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of material fact."

> A party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denial of [his] pleadings," but rather must "set forth specific facts showing that there is a

---

[3] Rule 56 was amended effective December 1, 2010. The substance of the standard as it applies to this case was not changed by the amendment.

genuine issue[.]" Furthermore, neither [u]nsupported speculation," nor evidence that is "merely colorable" or "not significantly probative," will suffice to defeat a motion for summary judgment; rather, if the adverse party fails to bring forth facts showing that "reasonable minds could differ" on a material point, then, regardless of "[a]ny proof or evidentiary requirements imposed by the substantive law," summary judgment, if appropriate, shall be entered."

<u>Bouchat v. Baltimore Ravens Football Club, Inc.</u>, 346 F.3d 514, 519 (4th Cir. 2003) (emphasis in original).

## DISCUSSION

The Court first addresses Petitioner's claim that his sentence is incorrect because the Bureau of Prisons has refused to credit 341 days of his federal pre-trial detention toward his federal sentence. [Doc. 1 at 5, and Doc. 1-1 at 3-4]. For relief, Petitioner asks the Court to order the Bureau of Prisons to award him the subject credit, or to amend its Judgment to account for the 341-day period of detention. [Doc. 1-1 at 3-4].

Section 3585(b) of Title 18 provides the method for calculating the credit for certain portions of the time that a defendant spends in custody before he begins serving a newly imposed federal sentence. Under that statute, once a defendant is convicted of a federal crime, the United States Attorney General, through the Bureau of Prisons, has the sole responsibility for

computing the amount of credit, if any, to which the defendant is entitled. United States v. Wilson, 503 U.S. 329, 331-32,112 S.Ct. 1351, 117 L.Ed.2d 593 (1992). A district court has no authority to make such computations. Id. at 333, 112 S.Ct. 1351. A defendant may bring suit in a federal district court challenging the Bureau of Prisons calculations pursuant to 28 U.S.C. § 2241. Before such calculations may be challenged in a district court, however, the defendant must exhaust all administrative remedies available to him through the Bureau of Prisons. Pelissero v. Thompson, 170 F.3d 442, 445 (4th Cir. 1999) (noting requirement for administrative exhaustion before proceeding under § 2241). Such section 2241 petitions must be filed in the district of confinement. See Rumsfeld v. Padilla, 542 U.S. 426, 434, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2006).

Here, Petitioner improperly attempts to challenge the Bureau of Prison's jail credit calculations under § 2255. Petitioner does not assert that he has exhausted his administrative remedies and, in any event, he is not in the custody of an institution that is located within the Western District of North Carolina. Accordingly, the Court must dismiss this claim without prejudice.

Turning next to Petitioner's sentencing challenge, Petitioner alleges that the two-point firearm enhancement was improper because the Government

failed to prove that he used, carried or possessed the firearm in connection with the conspiracy offense as required under <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and its progeny. [Doc. 1-1 at 4]. Petitioner, however, pled guilty pursuant to a plea agreement wherein he waived, <u>inter alia</u>, his right to collaterally challenge his sentence on any grounds, except ineffective assistance of counsel and/or prosecutorial misconduct. The law is well-established that a knowing and voluntary waiver of the right to collaterally challenge a conviction or sentence is valid and enforceable. <u>United States v. Lemaster</u> 403 F.3d 216, 221-22 (4th Cir. 2005). The record shows that during his plea hearing, Petitioner swore under oath that he understood this waiver provision, and the Magistrate Judge found his plea and waivers to be knowing and voluntary. [Criminal Case 1:06cr226-1, Doc. 32 at 7 and 9]. Therefore, the waiver is valid and enforceable against Petitioner. Petitioner's substantive challenge to his sentence does not fall within the scope of the exceptions to the waiver provision; consequently, such waiver stands as an absolute bar to his attempt to challenge his sentence on the basis alleged.

To the extent Petitioner's claim is not barred by waiver, it is defaulted due to his failure to raise it on direct appeal. Generally, claims that could have

been but were not raised on direct review are procedurally barred. "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousely v. United States, 523 U.S. 614, 621, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (citation and internal quotation marks omitted). In order to collaterally attack a conviction or sentence based upon errors that could have been but were not raised on direct appeal, a petitioner must show both cause to excuse his default and actual prejudice resulting from the errors of which he is complaining, or he must show that a "miscarriage of justice" would result from the court's refusal to consider his claim. United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999) (citing United States v. Frady, 456 U.S. 152, 170, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)).

Other than his conclusory, unsupported allegation that counsel failed to file and perfect an appeal, Petitioner has not alleged any matter that could arguably demonstrate cause and prejudice or a miscarriage of justice in order to excuse his procedural default of the claim. Consequently, the instant sentencing challenge must be dismissed as it is barred by waiver and is procedurally defaulted without excuse.

Concerning Petitioner's final claim, the law provides that in order to establish a claim of ineffective assistance of counsel, a petitioner must show

that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. <u>Strickland v. Washington</u>, 466 U.S. 668, 687-92, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." <u>Id.</u> at 689, 104 S.Ct. 2052.

To demonstrate prejudice, Petitioner must show a probability that the alleged errors worked to his "actual and substantial disadvantage, infecting his trial with error of constitutional dimensions." <u>Murray v. Carrier</u>, 477 U.S. 478, 494, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986) (quoting <u>United States v. Frady</u>, 456 U.S. at 170, 102 S.Ct. 1584). Under these circumstances, Petitioner "bears the burden of proving <u>Strickland</u> prejudice." <u>Fields v. Attorney Gen.</u>, 956 F.2d 1290, 1297 (4th Cir.1992) (citing <u>Hutchins v. Garrison</u>, 724 F.2d 1425, 1430-31 (4th Cir.1983)). If Petitioner fails to meet this burden, "a reviewing court need not consider the performance prong." <u>Fields</u>, 956 F.2d at 1297 (citing <u>Strickland</u>, 466 U.S. at 697, 104 S.Ct. 2052). In considering the prejudice prong of the analysis, the Court must not grant relief solely because Petitioner can show that, but for counsel's performance, the outcome of the proceeding would have been different. <u>Sexton v. French</u>, 163 F.3d 874,

882 (4th Cir.1998). Rather, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id. (quoting Lockhart v. Fretwell, 506 U.S. 364, 369, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993)).

Counsel is presumed to be competent, and a petitioner seeking post-conviction relief bears a heavy burden to overcome this presumption. Carpenter v. United States, 720 F.2d 546, 548 (8th Cir. 1983). Conclusory allegations do not overcome the presumption of competency. Id. A petitioner bears an even heavier burden where the claim of ineffective assistance of counsel follows the entry of a guilty plea. Where a defendant has pled guilty, he must show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Additionally, because three of Petitioner's allegations challenge counsel's conduct at sentencing, in order to demonstrate an entitlement to relief on those matters, Petitioner must, at a minimum, allege facts which establish that his "sentence would have been more lenient" absent counsel's errors. See Royal v. Taylor, 188 F.3d 239, 249 (4th Cir.1999).

In the present case, Petitioner alleges that his attorney was ineffective for failing to argue for the imposition of a concurrent sentence, for failing to object to the absence of such a recommendation in the PSR, and for failing to object properly to his two-point firearm enhancement. Each of these arguments must be rejected.

First, Petitioner has not attempted to establish that but for counsel's allegedly deficient performance, his sentence would have been more lenient. Royal, 188 F.3d at 249. Petitioner's allegations are subject to summary dismissal on this ground alone. Id.

Second, Petitioner's argument that counsel failed to secure a concurrent sentence is baseless. Petitioner does not identify any prior sentence with which he believes the Court should have imposed a concurrent sentence. Petitioner's PSR reflects that at the time of sentencing, he had completed his three-month sentence for his 2003 South Carolina firearm offense. [PSR at 10]. In addition, the record shows that on the date Petitioner was sentenced, his 2005 drug charge still was pending in South Carolina, [Id. at ¶ 60], and that he was not convicted and sentenced for that offense until March 13, 2008 -- more than five months after this Court imposed its sentence. [Doc. 1-1 at 3]. Because the record shows that Petitioner was not subject to an undischarged

term of imprisonment at the time of the imposition of his federal sentence, counsel was not deficient for failing to argue for the imposition of a concurrent sentence.

Third, Petitioner's allegation that counsel failed to properly object to his firearm enhancement under U.S.S.G. § 2D1.1(b) based upon the sufficiency of the evidence and upon Booker and its progeny is also baseless. Contrary to Petitioner's assertion, his attorney did object to the firearm enhancement, arguing that there was no evidence that Petitioner possessed the gun during the conspiracy. [Amended Transcript of Sentencing, Doc. 66 at 3-5]. The Court rejected that argument and found the evidence sufficient to support the subject enhancement. [Id. at 7].

Furthermore, the law is well-settled that the Apprendi line of cases, including the Booker decision, "did not change the sentencing court's ability to consider uncharged or even acquitted conduct during sentencing." United States v. Grubbs, 585 F.3d 793, 799 (4th Cir. 2009). On the contrary, the Grubbs Court stated that "[s]entencing judges may find facts relevant to determining a Guidelines range by a preponderance of the evidence, so long as that Guidelines sentence is treated as advisory and falls within the statutory maximum authorized by the jury's verdict." Id. (citing Rita v. United

States, 551 U.S. 338, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007) and United

States v. Benkahla, 530 F.3d 300 (4th Cir. 2008)).  In United States v.

Manigan, 592 F.3d 621, 630-31 (4th Cir. 2010), the Court of Appeals affirmed

an enhancement under U.S.S.G. § 2D.1.1(b) where the Government proved

by a preponderance of the evidence that the defendant possessed two

handguns in connection with his drug trafficking activities.  See also United

States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005) (noting that the Apprendi line

of cases requires the "jury to determine the facts supporting a statutory

enhancement" but "decisions about sentencing factors will continue to be

made by judges, on the preponderance of the evidence . . . so long as the

guideline system has some flexibility in application").

      Petitioner does not allege and the record does not reflect that the Court

treated the Guidelines as anything but advisory.  The 96-month term that

Petitioner originally received falls squarely within the 5-year to 40-year

statutory sentencing range applicable to his admitted involvement with at least

35 but less than 50 grams of cocaine base.  See 21 U.S.C. § 841(b)(1)(B);

see also PSR at ¶¶ 89-90.  Therefore, Petitioner cannot demonstrate that

counsel was deficient in his decision not to challenge the sentence under the

Apprendi line of cases.

Next, Petitioner alleges that counsel was ineffective for failing to file and prosecute his direct appeal. In United States v. Poindexter, 492 F.3d 263, 267 (4th Cir. 2007), the Fourth Circuit reaffirmed its earlier holding that "an attorney who disregards his client's unequivocal instruction to file a timely notice of appeal acts in a manner that is both professionally unreasonable and presumptively prejudicial." Poindexter, however, is inapplicable here, as Petitioner does not allege that he directed his attorney to appeal his case. Indeed, as Respondent notes in its Answer, Petitioner does not allege a single fact to establish that he communicated his desire for an appeal to his attorney. While defense counsel has filed an Affidavit denying that Petitioner asked her to file an appeal, [Doc. 8-2 at 2], Petitioner has ignored his obligation to present a forecast of evidence in opposition to counsel's affidavit. Therefore, Poindexter does not entitle Petitioner to any relief on this claim.

The forecast of evidence also does not show any possibility for relief for Petitioner under Roe v. Flores-Ortega, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). In Roe, the Supreme Court held that "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal),

or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id. at 480, 120 S.Ct. 1029. In the case of a defendant who has pled guilty, the Court in making this inquiry "must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights." Id.

In the present case, Petitioner has failed to proffer any evidence to establish that counsel ignored his request for an appeal, or that counsel breached her duty to consult with him about an appeal. Petitioner has not demonstrated that there were any non-frivolous grounds for appeal available to him. Furthermore, the record reflects that Petitioner received a sentence consistent with his plea agreement: in exchange for his plea of guilty, several charges against Petitioner were dismissed, there was a joint recommendation as to the quantity of drugs attributed to him, and he received a sentence within the advisory range under the Guidelines in accord with that joint recommendation. Additionally, in pleading guilty, Petitioner waived most possible avenues of appeal. Therefore, Petitioner is not entitled to any relief on this claim.

Petitioner's final allegation is that counsel was ineffective for failing to investigate his case. Petitioner does not, however, allege what facts or information he believes counsel would have discovered from further investigation. Petitioner further fails to explain how any additional information would have had a favorable impact on his case. This claim is conclusory and is therefore subject to dismissal on that basis.

Moreover, inasmuch as the foregoing allegation pertains to a deficiency that allegedly occurred prior to Petitioner's entry of his guilty plea, the well-settled principle of waiver stands as a potential bar to these allegations. In many instances "a voluntary and intelligent guilty plea forecloses federal collateral review of allegations of antecedent constitutional deprivations." Fields, 956 F.2d at 1294 (citing Tollett v. Henderson, 411 U.S. 258, 266-67, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973)). As the Supreme Court has explained, "a guilty plea represents a break in the chain of events which has preceded the criminal process." Tollett, 411 U.S. at 267, 93 S.Ct. 1602. As a result, "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Id. Rather, under these

circumstances, the relevant inquiry becomes whether the guilty plea was intelligently and freely entered.  Id.

_____As was noted previously, the Court already determined that Petitioner's guilty plea was knowing and voluntary [See Amended Transcript of Sentencing, Doc. 66 at 2], and he does not demonstrate anything to the contrary.[4]  Petitioner's belated and conclusory allegation that counsel failed to conduct a proper investigation must be rejected.

In conclusion, the Court finds that it lacks jurisdiction to entertain Petitioner's claim for sentencing credits, that his substantive challenge to his sentence is barred by his waiver and by his procedural default of that claim, and that his allegations concerning his attorney's performance are unsupported by any forecast of evidence and are legally baseless. Accordingly, Respondent's Motion for Summary Judgment is granted and Petitioner's Motion to Vacate is summarily rejected.

The Court finds that the Petitioner has not made a substantial showing of a denial of a constitutional right.  See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 154 L.Ed.2d

---

[4]Indeed, the record shows that on the occasions when Petitioner personally addressed the Court at sentencing, he thanked counsel for her services and did not raise a single complaint about her performance.  [Id. at 9-10].

931 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).  Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that his Motion to Vacate states a debatable claim of the denial of a constitutional right.  Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).  As a result, the Court declines to issue a certificate of appealability.  See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## O R D E R

**IT IS, THEREFORE, ORDERED THAT:**

1.  Respondent's Motions for Summary Judgment [Docs. 9 and 16] are **GRANTED**; and

2.  Petitioner's § 2255 Motion to Vacate, as amended [Docs. 1 and 11] is **DENIED** and **DISMISSED.**

Signed: July 13, 2011

Martin Reidinger
United States District Judge